IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARLA BONILLA-GONZALEZ,<br><br>**Plaintiff,**<br><br>v.<br><br>THE ELEVANCE HEALTH COMPANIES of PUERTO RICO, LLC d/b/a MMM,<br><br>**Defendant.** | **CIVIL NO. 24-1499 (RAM)** |

MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

On September 27, 2024, Plaintiff Marla Bonilla-Gonzalez ("Plaintiff" or "Bonilla") filed a *Complaint* for alleged retaliation and harassment before the Court of First Instance of the Commonwealth of Puerto Rico. (Docket No. 1-1 ¶¶ 33-35). On October 30, 2024, Defendant The Elevance Health Companies of Puerto Rico, LLC D/B/A MMM ("Defendant" or "MMM") filed a *Notice of Removal* asserting that because Plaintiff included claims under Title VII of the Civil Rights Act of 1994, 42 U.S.C. § 2000e et seq., and alleged that MMM violated federal laws, the case can be removed pursuant to 28 U.S.C. §§ 1331 and 1441. (Docket No. 1 ¶¶ 1, 3); *see also* 28 U.S.C. § 1441(a). Specifically, Defendant points to Paragraph 41 of Plaintiff's *Complaint*, which references federal law. (Docket No. 1 ¶ 3).

On November 5, 2024, Plaintiff filed the pending *Motion in Request for Remand* ("*Motion to Remand*"), requesting that the case

be remanded to the court of origin because the isolated reference to Title VII was a product of scrivener's error, and her lawsuit is solely for retaliation under Puerto Rico Act 115-1991 and non-compliance with Law 90-2020, which prohibits hostile work environments. (Docket No. 8). Defendant responded in an *Opposition to Motion to Remand*, asserting that Plaintiff clearly asserts a cause of action under Title VII, and that a "mistake" does not alter the jurisdictional analysis. (Docket No. 11). Furthermore, because Plaintiff has not filed a motion to withdraw or voluntarily dismiss the Title VII claim, Defendant posits that the federal claim remains live and serves as a valid basis for federal jurisdiction. Id.

Subsequently, on November 8, 2024, Plaintiff filed the pending *Motion Withdrawing Title VII Claim from the Complaint* ("*Motion Withdrawing Title VII Claim*"), requesting that the Court grant withdrawal of the Title VII claim and remand the case to state court. (Docket No. 13). Defendant filed an *Opposition to Plaintiff's Motion Withdrawing Title VII Claim*, arguing that Plaintiff's post-removal attempt to dismiss her federal claim is a "blatant tactic of forum manipulation" that is legally baseless. (Docket No. 14 at 2-5). Furthermore, Defendant asserts that even if the Court were to allow Plaintiff to dismiss her Title VII claim, the "only proper outcome" would be to dismiss the case in

Civil No. 24-1499(RAM)                                                  3

its entirety instead of a remand. Id. at 2, 5-8; see Fed. R. Civ. P. 41(a).

Having reviewed the parties' arguments and the record, the Court hereby **GRANTS** Plaintiff's *Motion Withdrawing Title VII Claim* at Docket No. 13. See Negron-Fuentes v. UPS Supply Chain Sols., 532 F.3d 1, 6 (1st Cir. 2008) ("The ordinary rule is that the plaintiff is master of his complaint and that a case cannot be removed if the complaint's allegations are premised only on local law."). In the absence of any remaining federal law claims, it is within the Court's discretion to retain supplemental jurisdiction over the remaining Puerto Rico law claims. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

First Circuit case law is clear "that district courts may decline to exercise supplemental jurisdiction over pendent state law claims when the anchor federal claims for those state law claims are dismissed." Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 37 (1st Cir. 2020). Where, as here, the federal claims are dismissed at an early stage of the proceedings, a District Court is well within its discretion to decline to exercise supplemental jurisdiction over pending state-law claims. See e.g., Massó-Torrellas v. Municipality of Toa Alta,

845 F.3d 461, 469-70 (1st Cir. 2017); *see also*, Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 392 (1st Cir. 2014) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, (1988)) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors [...] will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Given the foregoing, the Court hereby **GRANTS** Plaintiff's *Motion to Remand* at Docket No. 8 and **ORDERS** that the case be remanded to the Puerto Rico Court of First Instance, San Juan Superior Part, case caption and number: Marla Bonilla Gonzalez v. The Elevance Health Companies of Puerto Rico, LLC D/B/A MMM, Case No. SJ2024CV09006.

Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

In San Juan Puerto Rico, this 13th day of November 2024.

S/ Raúl M. ARIAS-MARXUACH
United States District Judge